**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30258 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00066-SLG-2 |
| v. | |
| KENNETH MARTIN DOUGLAS, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30260 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00066-SLG-1 |
| v. | |
| DWAYNE DOLLISON, Jr., | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30261 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00107-SLG-1 |
| v. | |
| DWAYNE DOLLISON, Jr., | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 3, 2021
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Kenneth Douglas and Dwayne Dollison, Jr., (collectively, "Defendants") appeal their jury convictions for drug trafficking conspiracy, 21 U.S.C. §§ 841, 846, drug possession with intent to distribute, *Id.* U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924, and possession of a firearm by a felon, *Id.* U.S.C. § 922. Defendants challenge the denial of their motion to suppress evidence obtained from the traffic stop, the admission of evidence that the firearm was stolen, the admission of evidence of their prior convictions, and the inclusion of a deliberate indifference jury instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We affirm under de novo review the district court's denial of the motion to suppress evidence obtained during Defendants' extended traffic stop. *United States v. Dixon*, 984 F.3d 814, 818 (9th Cir. 2020). The district court did not err in concluding that the traffic stop was lawfully initiated. It correctly concluded that the officer had reasonable suspicion to stop the car because it found

2

that Defendants were illegally driving over the speed limit. *See Kansas v. Glover*, 140 S. Ct. 1183, 1187–88 (2020).

Next, the district court properly concluded that the stop was lawfully extended four times. *See United States v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003). The district court did not err in finding that checking the probationary statuses of Defendants did not measurably extend the stop and in concluding that the officer did not violate the Fourth Amendment by extending the stop to do so. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). The officers had independent reasonable suspicion to check Defendants' probationary conditions, given that Dollison was under federal supervised release for drug conspiracy, that Douglas was on state probation for drug trafficking, that Douglas was potentially violating his probationary travel restrictions by travelling outside of Anchorage, that both Defendants were potentially subject to warrantless searches due to supervised release conditions, that both Defendants were travelling in an unusual caravanning arrangement in the middle of the night, and that the officers knew drug dealers to commonly use rental cars to deliver drugs from Anchorage to Fairbanks. *See United States v. Mariscal*, 285 F.3d 1127, 1129–30 (9th Cir. 2002); *Burrell v. McIlroy*, 464 F.3d 853, 858 n.3 (9th Cir. 2006).

The district court properly concluded that independent reasonable suspicion also justified extending the stop to search the SUV because, at that point, the

officers had learned that Defendants had lied about their relationship to the sedan and its passengers. *See United States v. Mayo*, 394 F.3d 1271, 1276 (9th Cir. 2005). Lastly, the district court did not err in concluding that the officers lawfully extended the stop to search the sedan. By this point, Douglas's probation officer had confirmed that Douglas was violating his probationary conditions by travelling beyond Anchorage without permission, establishing independent reasonable suspicion of criminal activity to justify searching the sedan. *Id.*

2.     Nor did the district court err in finding that Kelly Wylie had apparent authority to consent to a search of the sedan. *United States v. Ruiz*, 428 F.3d 877, 880–81 (9th Cir. 2005). Though the sedan's rental agreement authorized only Defendants as drivers, Defendants granted Wylie broad access to, and control over, the sedan, allowing her and another passenger to drive the car without Defendants and to store their luggage in its cabin. *See Id.*; *United States v. Henderson*, 241 F.3d 638, 646–47 (9th Cir. 2000). The district court properly distinguished *United States v. Impink*, 728 F.2d 1228 (9th Cir. 1984), in which we held that consent of a lessor with narrow rights of access was invalid when police intentionally bypassed a suspect who was present and known to possess a superior privacy interest, because Douglas denied any connection to the sedan when confronted with the rental receipt bearing his name, and the search was of only Wylie's property.

3.     Although the district court abused its discretion by admitting

4

testimony that a gun in Defendants' possession was stolen, *see United States v. Boulware*, 384 F.3d 794, 800–01 (9th Cir. 2004) (explaining that we review the district court's evidentiary decisions at trial for abuse of discretion), its error was harmless, *United States v. Crosby*, 75 F.3d 1343, 1349 (9th Cir. 1996). Evidence that the gun was stolen was inadmissible under Federal Rule of Evidence 401, because this evidence was relevant only if the Government demonstrated that Defendants *knew* the gun was stolen, and the Government offered no evidence of Defendants' knowledge on this point. *See Poppell v. City of San Diego*, 149 F.3d 951, 954 (9th Cir. 1998).

Nonetheless, this error was harmless because there is a "fair assurance" that the error did not materially affect the trial's outcome. *Crosby*, 75 F.3d at 1349. Even without evidence that the gun was stolen, overwhelming evidence supported the jury's verdict, including testimony from Wylie and another informant, a rental car receipt, a luggage tag connecting the contraband to Defendants, and a DNA sample connecting Defendants to the sedan's trunk, which contained the drugs and firearms.

4. Any error that the district court may have committed in admitting evidence of Defendants' prior convictions was also harmless. *Id.* Even if evidence of the past convictions had been excluded, there remained significant evidence to sustain the jury's verdict, *see supra* at ¶ 3, such that there is a fair assurance that

"the verdict was not substantially swayed" by evidence of the prior convictions. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

5. The district court did not abuse its discretion in delivering a "deliberate indifference" instruction to the jury. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). The district court properly delivered both "actual knowledge" and "deliberate indifference" instructions, because it correctly found that both theories were supported by some evidence, and thus a jury could rationally convict on a deliberate indifference theory after rejecting an actual knowledge theory. *United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013); *United States v. Jewell*, 532 F.2d 697, 699–700 (9th Cir. 1976) (en banc).

6. Finally, the district court did not commit cumulative errors. Although it was error to admit the evidence that the gun was stolen, there was still significant, incriminating evidence that the jury could properly consider, *see supra* at ¶ 3, to find Defendants guilty of the drug trafficking and firearm charges. Accordingly, there was no cumulative error. *United States v. Lindsay*, 931 F.3d 852, 869 (9th Cir. 2019).

**AFFIRMED.**